IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

APR 2 0 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff-Respondent, | § |
| | § |
| V. | § |
| | § |
| JESUS FLORES-GUERRERO, | § |
| | § |
| Defendant-Movant | § |

CRIMINAL ACTION NO. H-02-79-2
CIVIL ACTION NO. H-04-4617

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING MOVANT'S § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND MOTION FOR LEAVE TO FILE A SUPPLEMENTAL LETTER BRIEF CORAM NOBIS

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C.

§ 2255 is Movant Jesus Flores-Guerrero's § 2255 Motion to Vacate, Set Aside or Correct

Sentence (Document No. 281),[1] the United States's Answer (Document No. 284) and Motion to

Dismiss (Document No. 283), and Movant's "Motion for Leave to File Supplemental Letter

Brief", which is construed as a Motion for Leave to Amend.  (Document No. 285). After

reviewing Movant's § 2255 Motion and Leave to File Supplemental Letter Brief, the

Government's Answer and Motion to Dismiss, the record of the proceedings before the District

Court in the underlying criminal case, and the applicable case law, the Magistrate Judge

RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss

---

[1] Jesus Flores Guerrero's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-04-4617 and at Document No. 281 in Criminal Action No. H-02-79. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

(Document No. 283) be GRANTED, that Movant's Motion for Leave to Amend his § 2255 be DENIED as futile, and that Movant's Motion to Vacate, Set Aside, or Correct Sentence (Document No. 281) be DENIED, and that this § 2255 proceeding be DISMISSED as time barred.

## I.    Procedural History

Movant Jesus Flores-Guerrero ("Flores-Guerrero"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Flores-Guerrero's first attempt at § 2255 relief.

Flores-Guerrero along with Arturo Apaez-Mendez, Miguel Velez-Cortez, Candido Escobar, Calixto Escobar, Heriberto Escobar, Santos Miguel Celis-Chaves, and Arturo LNU were charged by Indictment with alien smuggling.  Specifically, Flores-Guerro was charged with concealing and harboring two named illegal aliens in Houston from November 16, 2001, until January 16, 2002, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i), (a)(1)(A)(v)(II) and 18 U.S.C. § 2 (Count one); knowingly transporting the same two named illegal aliens from Hidalgo to Houston during the same time frame, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), (a)(1)(A)(v)(II) and 18 U.S.C. § 2 (Count two), and conspiracy to detain a named Mexican national to compel others to pay a smuggler's fee, in violation of 18 U.S.C. § 1203(a) (Count three) (Document No. 61).  On August 16, 2002, Flores-Guerrero  pleaded guilty with a written plea agreement to counts one and three. (Document Nos. 198, 109).  Under the terms of the written plea agreement, Flores-Guerrero waived his right to appeal his sentence or the manner in which his sentence was determined and further waived his right to contest his

2

conviction or sentence collaterally through a § 2255 motion.  (Document No. 109, p. 3, ¶ 9).

Specifically, the Plea Agreement states:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a
> defendant the right to appeal the sentence imposed.  Knowing that, the defendant
> waives the right to appeal the sentence or manner in which it was determined on
> the grounds set forth in Title 18, United States Code, Section 3742, or on any
> ground whatsoever, except that the defendant may appeal a sentence imposed above
> the statutory maximum and an upward departure from the sentencing guidelines not
> requested by the United States.  This agreement does not affect the rights and
> obligations of the United States as set forth in Title 18, United States Code, Section
> 3742(b).  The defendant is also aware that the United States Constitution and laws
> of the United States, including Title 28, United States Code, Section 2255, afford
> a defendant the right to contest or "collaterally attack" a conviction or sentence
> after the conviction or sentence has become final.  Knowing that, the defendant
> waives his right to contest or collaterally attack his conviction by means of any
> post-conviction proceeding.

A Presentence Investigation Report ("PSR") was prepared (Document No. 179), to which

Flores-Guerrero filed written objections.[2]  (Document No. 176).  On March 21, 2003, Flores-

Guerrero was sentenced to concurrent terms of incarceration of seventy months on Counts one and

three, to be followed by concurrent three year terms of supervised release on each count.

(Document No. 248).  Judgment was entered on March 26, 2003. (Document No. 251).  Flores-

Guerrero did not appeal, thus his conviction became final on April 7, 2003, which was ten days

from the entry of the judgment, excluding intermediate weekends and holidays.

On November 21, 2004, Flores-Guerrero placed in the prison mail the instant § 2255

Motion to Vacate, Set Aside or Correct Sentence, which was stamped filed by the Clerk's office

---

[2] Flores-Guerrero objected to the calculation of his guideline sentence.  Specifically,
Flores-Guerrero objected to a base offense level of 30.  According to Flores-Guerrero, because
his role in the offense was minor, he should have been given a three level downward adjustment
under U.S.S.G. § 3B1.1.

3

on December 9, 2004.  (Document No. 281).  The Government has answered and has moved to

dismiss the instant action as time-barred.  (Document Nos. 283, 284).  In addition, on February

28, 2005, Flores-Guerrero filed a "Motion for Leave to File a Supplemental Letter Brief."

(Document No. 285).  Flores-Guerrero requests therein that he be allowed to argue that his

sentence enhancement was unconstitutional in light of *United States v. Booker,* ___U.S. ___, 125

S.Ct. 738 (2005), which applied *Blakely v. Washington*, 124 S.Ct. 2531 (2004) to the federal

sentencing guidelines.[3]  According to Flores-Guerrero, he should be allowed to amend his § 2255

motion to argue that his sentence was unconstitutional.  This § 2255 proceeding is ripe for ruling.


## II.  Motion to Amend § 2255

On February 28, 2005, Flores-Guerrero filed a "Supplemental Letter Brief" (Document

No. 285), in which he requests that he be allowed to argue that his sentence enhancement was

unconstitutional in light of *Booker*.  Flores-Guerro's current request should be construed as a

request for leave to amend his § 2255 Motion.

Flores-Guerro's current motion (Document No. 285), which was filed on  February 23,

2005, falls outside the one year statute of limitations set by the Antiterrorism and Effective Death

Penalty Act (AEDPA) in § 2255.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings, and the

law is clear that Rule 15 applies to amendments of § 2255 motions.  *See United States v. Saenz*,

282 F.3d 354. 356 (5th Cir. 2002) ("Every circuit that has addressed this issue agrees the

---

[3] Because *Booker,* applied the Supreme Court's earlier decision in *Blakely* to the Federal
guidelines, the Court refers to both decisions as *Blakely/Booker.*

[AEDPA's] one year statute of limitations does not render Rule 15 inapplicable to federal habeas proceedings."). "Under Fed.R.Civ.P. 15(c), a district court may in its discretion, permit an amendment which clarifies or amplifies a claim or theory in a timely filed § 2255 petition after AEDPA's one year statute of limitations has expired." *United States v. Thomas*, 221 F.3d 430, 433-434 (3rd Cir. 2000). Conversely, an amendment under Rule 15(c) should not be allowed where the movant seeks to add an entirely new claim or new theory of relief. *Id.* Because *Blakely/Booker* is a new theory of relief, Flores-Guerrero is not entitled to amend his § 2255 motion under Rule 15.

Moreover, even assuming that Flores-Guerro's claim under *Blakely/Booker* related back to his § 2255 motion, that motion was untimely filed. Assuming further that Flores-Guerrero's § 2255 motion had been timely filed, Flores-Guerro should not be allowed to amend his original § 2255 motion because *Blakely/Booker* does not apply retroactively to cases on collateral review. As a result, the proposed amendment would be futile.

Flores-Guerrero argues that the district court's sentencing determination is contrary to the Supreme Court's decision in *Blakely/Booker* because the Court, and not a jury, enhanced his sentence. In *Blakely*, the Supreme Court invalidated the State of Washington's sentencing scheme, whereby a judge could possibly sentence a defendant to a punishment beyond a statutory range on the basis of judicially determined facts. *Id.* at 2538. In doing so, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court in *Blakely* expressly declined to state whether its decision applied to the Federal

5

Sentencing Guidelines. *Id.*

The Supreme Court, in its intervening decision, *United States v. Booker,* __U.S.___, 125 S.C.t. 738 (2005), extended its holding in *Blakely* to the Federal Sentencing Guidelines, and concluded that there was "no distinction of constitutional significant between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely* and, in keeping with its earlier decision in *Apprendi*, stated: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id., * 125 S.Ct. at 756. Because *Blakely* and *Booker* were decided after Flores-Guerrero's conviction in the instant case became final, it must be determined as an initial matter whether *Blakely/Booker* should be retrospectively applied. The Supreme Court has not stated whether the rule announced in *Blakely* and *Booker* applies retroactively to cases on collateral review. Neither has the Fifth Circuit addressed this issue.

New constitutional rules of criminal procedure are applicable to cases on direct review, *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), but are generally not applicable to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 305-310 (1989). That is because, in the context of collateral review, "[a]pplication of constitutional rules not in existence at the time a conviction [becomes] final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." *Teague*, 489 U.S. at 309.

When the Supreme Court announces a "new rule" as it expressly stated it was doing in *Booker*, "the new rule applies to all criminal cases still pending on direct review." *Schriro v.*

*Summerlin*, ___ U.S. ___, 124 S.Ct. 2519, 2522-2523 (2004). However, when a conviction is final, such as in Flores-Guerro's case, the "new rule" does not automatically apply. Rather, the three step process announced by the Supreme Court in *Teague* is employed to determine whether a new constitutional rule of criminal procedure is to be applied retrospectively to cases on collateral review. *Beard v. Banks*, 124 S.Ct. 2504, 2510 (2004); *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997).

*Teague* requires a three step analysis. First, it must be determined when the petitioner's conviction became final. *Beard*, 124 S.Ct. at 2510. Second, if the conviction became final prior to the decision the petitioner seeks benefit of, the court must determine whether the decision relied upon by the petitioner sets forth a "new" constitutional rule of criminal procedure. *See Beard,* 124 S.Ct. at 2510. According to the Supreme Court, a "new" rule is a rule that "breaks new ground" or "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. Third, if the rule to be applied is "new", the court then considers whether one of the two narrow exceptions to *Teague* applies: (1) where the rule "places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe'" *Teague*, 489 U.S. at 311 (quoting *Mackey v. United States,* 401 U.S. 667, 692 (1971)), and 2) where the new rule is a watershed rule of criminal procedure which is implicit in the concept of ordered liberty and which affects "the fundamental fairness and accuracy of the criminal proceeding." *O'Dell*, 521 U.S. 151, 157 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993)).

Applying the three step process to this case, the undersigned Magistrate Judge concludes that *Teague* bars application of the new rule set forth in *Blakely/Booker*. First, Flores-Guerro's

7

conviction became final on or about April 7, 2003, prior to the United States Supreme Court decisions in *Blakely* on January 24, 2004, and *Booker* on January 12, 2005.

Second, the *Blakely/Booker* decisions set forth a "new" constitutional rule of criminal law. According to *Teague*, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conduct became final." *Teague*, 489 U.S. at 301. As such,

> We must therefore assay the legal landscape as of [April 2003] and ask "whether the rule later announced in [Blakely] and [Booker] was *dictated* by then-existing precedent – whether, that is, the unlawfulness of [Flores-Guerrero's] conviction was apparent to all reasonable jurists."

*Beard*, 124 S.C.t at 2511 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)). Here, at the time of Flores-Guerrero's sentencing, the case law as it existed would not have directed a finding that Flores-Guerrero's sentence under the Federal Sentencing Guidelines violated the Sixth Amendment's right to a jury trial. Moreover, it is undisputed that *Blakely/ Booker* advanced a new understanding of "statutory maximum" for purposes of imposing sentence: "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 124 S.Ct. at 2537 (emphasis in original). Before *Blakely*, every federal circuit court of appeals had concluded that *Apprendi* did not invalidate the Sentencing Guidelines or sentencing enhancements based on judicial fact findings so long as the sentence imposed was within the statutory maximum as determined by the United States Code. *See e.g., United States v. Goodine*, 326 F.3d 26 (1st Cir. 2003); *United States v. Luciana*, 311 F.3d 146 (2nd Cir. 2002); *United States v. DeSumma*, 272 F.3d 176 (3rd Cir. 2001); *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000); *United States v. Randle*, 304 F.3d 372 (5th Cir. 2002); *United States v. Helton*, 349 F.3d 295 (6th Cir. 2003);

8

*United States v. Johnson,* 335 F.3d 589 (7th Cir. 2003); *United States v. Piggie,* 316 F.3d 789 (8th Cir. 2003); *United States v. Toliver,* 351 F.3d 423 (9th Cir. 2003); *United States v. Mendez-Zamora,* 296 F.3d 1013 (10th Cir. 2002); *United States v. Sanchez,* 269 F.3d 1250 (11th Cir. 2001; *United States v. Fields,* 251 F.3d 1041 (D.C.Cir. 2001). *Blakely* and *Booker,* in contrast, made clear that the statutory maximum "is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant," Blakely,* 124 S.Ct. at 2537 (emphasis in original).[4] As such, the rule in *Blakely/ Booker* that Flores-Guerrero would have this Court apply was not dictated or compelled by *Apprendi* and its progeny, and is a "new rule" of the type barred from retroactive application by *Teague.*

Third, *Blakely/Booker* does not fit into one of the two narrow exceptions set forth in *Teague.* The first exception to *Teague* applies to a new rule that "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 307 (quotation omitted). Because *Blakely/Booker* concerns the manner in which a defendant's sentence is determined, the new rule announced in *Blakely/ Booker* is not implicated by *Teague*'s first exception.

With respect to *Teague*'s second exception, the Supreme Court in *Beard* wrote:

> The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. We have repeatedly emphasized the limited scope of the second *Teague* exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or

---

[4] Indeed, with respect to the unexpected consequence of *Blakely*, Justice O'Connor in her dissent noted: "there is no map of the uncharted territory blazed by today's unprecedented holding." *Blakely,* ___ U.S. at ___, 124 S.Ct. at 2547 n.1.

guilty [that it is] unlikely that many such components of basic due process have yet
to emerge, it should come as no surprise that we have yet to find a new rule that
falls under the second *Teague* exception.

*Beard*, 124 S.Ct. at 2513-14 (internal quotations and citations omitted).  Given that the Supreme

Court has previously held that a change in the law requiring that juries, rather than judges, make

the factual findings on which a sentence is based did not rise to the level of implicating

fundamental fairness and as such did not announce a watershed rule of criminal procedure, *see*

*Schriro*, 124 S.Ct. at 2524-26[5], and given that the Supreme Court has never held that a new

---

[5] *Schriro* concerned the allocation of fact finding responsibility between the judge and the
jury and held that the decision in *Ring v. Arizona*, 536 U.S. 584 (2002), which invalidated judicial
fact finding in death penalty cases under the rule announced in *Apprendi*, was a procedural rule
not retroactive on collateral review.  Because the Arizona statute at issue in *Schriro* required
proof beyond a reasonable doubt, the Supreme Court did not address the retroactive application
of *Apprendi*'s holding that sentencing facts necessary to increase a maximum statutory sentence
be found beyond a reasonable doubt rather than by a preponderance of the evidence.  *See
Summerlin*, 124 S.Ct. at 2522 n. 1.
   With respect to the burden of proof for sentencing facts, the new procedures required by
*Blakely/ Booker* do not "implicat[e] the fundamental fairness and accuracy" of criminal
proceedings.  *Schriro*, 124 S.Ct. at 2523.  For example, the maximum term of imprisonment for a
sentence is set by the United States Code.  With respect to judicial fact-finding, the Court relies
on a presentence report, and the defendant is given an opportunity to object to the facts
contained in the presentence report.  In addition, even though after *Booker* the Guidelines are no
longer mandatory, *Booker* states that the Guidelines should still taken into consideration by the
Judge imposing sentence, and that the preponderance of the evidence standard applies.  *See
U.S.S.G. § 6A2.3, Comment.*  ("The Commission believes that use of a preponderance of the
evidence standard is appropriate to meet due process requirements and policy concerns in
resolving disputes regarding application of the guidelines to the facts of a case.").
   With respect to sentencing in light of *Booker,* the Fifth Circuit Court of Appeals in *United
States v. Mares*, ___ F.3d.___, 2005 WL 510938 (5th Cir. Mar. 4, 2005) elaborated upon the
procedures to be followed at sentencing post *Booker*.  According to the Fifth Circuit, "a
sentencing court must still carefully consider the detailed statutory scheme created by the
[Sentencing Reform Act] and the Guidelines, which are designed to guide the judge toward a fair
sentence while avoiding serious sentence disparity."  As such, the "[t]he guideline range should be
determined in the same manner as before *Booker/Fanfan*" and "*Booker* contemplates, that with
the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing
judge from finding all facts relevant to sentencing."  According to the Fifth Circuit: "[i]f the
sentencing judge exercises her discretion to impose a sentence within a properly calculated

criminal procedural rule falls into the second *Teague* exception,[6] there is no basis upon which to

conclude that *Blakely/ Booker*'s new rule falls within the second exception to *Teague*. *See, e.g.,*

*King v. Jeter,* (No. 4:04-CV-0600-D) 2005 WL 195446 (N.D. Tex. Jan 27, 2005); *United States*

*v. Wenzel,* ___ F.Supp. 2d, ___, 2005 WL 579064 (W.D.Pa. Mar 2, 2005); *Rucker v. United*

*States*, 2005 WL 331336, at *1, (No. 2:04-CV-00914PCG)(D. Utah Feb. 10, 2005); *Gerrish v.*

*United States,* 353 F.Supp. 2d. 95 (D.Me. Jan 25, 2005); *United States v. Johnson*, 353

F.Supp.2d 656 (E.D. Va. Jan 21, 2005); *United States v. Gill,* (No. Civ. 04-3365-SAC, Crim.

00-401-01 SAC), 2005 WL 475375 (D.Kan. Feb. 28, 2005); *Hamdani v. United States,* No. Civ.

A. 04-3332(DGT), ___ F.Supp. 2d. ___, 2005 WL 419727, at *2 (E.D.N.Y. Feb. 22, 2005); *In*

*re Anderson,* 396 F.3d 1336, 1339 (11th Cir. 2005); *McReynolds v. United States,* 397 F.3d 479,

481 (7th Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *Varela v. United*

---

Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines. Given the deference due the sentencing judge's discretion under the *Booker/Fanfan* regime, it will be rare for a reviewing court to say such a sentence is 'unreasonable.'"

In the context of a § 2255 motion, because *Booker* instructs courts to consider the Guideline sentencing ranges based on a preponderance of the evidence standard, it cannot be said that sentences calculated in that manner necessarily "implicate[] the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 124 S.Ct. at 2523. Here, Flores-Guerrero's guideline sentencing range was enhanced only after a finding by a preponderance of the evidence by the Court. Flores-Guerrero was given the opportunity to challenge these facts, which he did, and post-*Booker*, Judge Harmon would have considered the same facts in imposing sentence. It is pure conjecture and speculation that Flores-Guerrero's sentence would have been calculated differently under the advisory guidelines, than was actually found by Judge Harmon by a preponderance of the evidence under the mandatory guidelines.

[6] According to the Supreme Court in *Beard*, *Gideon v. Wainwright*, 372 U.S. 335 (1963), which established the affirmative right to counsel in felony cases *might* constitute a watershed rule that would satisfy *Teague*'s second exception. *Beard*, 124 S.Ct. at 2514. (emphasis added).

11

*States*, 400 F.3d. 864, 868 (11th Cir. Feb. 17, 2005), *United States v. Price*, 400 F.3d. 844,

845(10th Cir. Mar 8, 2005); *Guzman v. United States*, ___F.3d___, 2005 WL 803214, (No. 03-

2446-pr) (2nd Cir. April 8, 2005).

Because *Teague* bars the retrospective application of *Blakely/Booker* in collateral § 2255

proceedings, Flores-Guerrero's request to amend his § 2255 motion to assert a *Blakely/Booker*

claim should be denied as futile. *Foreman v. Davis*, 371 U.S. 178, 182 (1962)(stating futility as

proper ground for denying amendment). Therefore, the Magistrate Judge RECOMMENDS that

Movant's Motion for Leave to File a Supplemental Brief (Document No. 285) be DENIED as

futile.


## III. Issues Presented

In his § 2255 motion, Flores-Guerrero alleges ineffective assistance of counsel. According

to Flores-Guerrero, his counsel failed to object to the criminal history category; failed to request

a two level safety valve reduction under U.S.S.G. § 5C1.2; failed to object to him being

sentenced to the statutory minimum; and failed to object to the offense level of 27.


## IV. Discussion

### A. Flores-Guerrero's  § 2255 motion is time barred

The United States argues that Flores-Guerro's § 2255 Motion to Vacate, Set Aside or

Correct Sentence should be dismissed because it is time barred.  On April 24, 1996, the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted.  With the

enactment of AEDPA, 28 U.S.C. § 2255 now specifically provides for a one-year statute of

limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Flores-Guerrero filed the instant motion after the effective date of AEDPA, the provisions of the statute apply.

Here, a Judgment of conviction was entered on March 26, 2003, and because no direct appeal was taken, his conviction became final for purposes of § 2255(1) on April 7, 2003, the last day on which he could have appealed the judgment to the Fifth Circuit Court of Appeals. *See* Fed.R.App. 4(b)(1)(A) (notice of appeal must be filed ten days after judgment being entered); *Griffith v. Kentucky,* 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). The one-year limitation period began to run on April 7, 2003, the day his conviction became final, and expired on April 7, 2004, one year later. *See Fed.R.Civ.P. 6(a)* (if the last day in the time period in a

13

legal holiday or weekend, the last day is the next day that is not a legal holiday or weekend); *Fed.R.Crim.P. 45(a)(3)* (same).

A § 2255 motion is deemed filed at the time it is delivered to prison officials for mailing. *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998)). Here, Flores-Guerro's § 2255 motion shows that it was placed for mailing on November 21, 2004, and was received and stamped filed on December 9, 2004, more than seven months after the expiration of the one-year period. Under these circumstances, Flores-Guerrero's motion is untimely under § 2255(1), and is subject to dismissal absent a showing that an alternate date for commencement of the limitations period should be applied under § 2255(2)-(4) or that the limitations period should be equitably tolled.

None of the alternate provisions for the commencement of the limitations period applies. Flores-Guerro has not alleged that he was in any way impeded from filing a timely § 2255 motion. To the extent Flores-Guerreo attempts to allege a *Booker* claim that his based on a right newly recognized by the Supreme Court, because this claim has not been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, this exception for commencement of the limitations period does not apply. Finally, Flores-Guerrero has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

As for the applicability of equitable tolling, rare and exceptional circumstances may warrant the application of equitable tolling principles to a late filed § 2255 motion to vacate, set aside or correct sentence. *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the

14

one year limitations deadline. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000). In addition, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman,* 184 F.3d at 402); *See also Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999) (Inconsistent ruling by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000) (Rare and exceptional circumstances existed to warrant equitable tolling where the Movant was under mistaken impression as to filing deadline, where that mistaken impression was furthered by the District Court); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (remanding case for rehearing on equitable tolling where the petitioner alleged "he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf"). In contrast, the Fifth Circuit has disapproved of the application of equitable tolling for circumstances which are "garden variety claims of excusable neglect." *Lockingbill v. Cockrell,* 293 F.3d 256, 265 (5th Cir. 2002).

Here, given the absence of a response by Flores-Guerrero to the Government's Motion to Dismiss, as well as the absence of any facts in the record that would constitute a rare or exceptional circumstance which constitute a rare or exceptional circumstances to warrant equitable tolling, equitable tolling of the limitations period is not available.

## V. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Flores-Guerrero's § 2255 motion was not

15

timely filed and that equitable tolling is not available, it is

RECOMMENDED that the Government's Motion to Dismiss (Document No. 283) be GRANTED, that Movant Jesus Flores-Guerrero's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 281) be DENIED, that this § 2255 proceeding be DISMISSED as time barred, and that Movant's Motion to Amend his § 2255 Motion (Document No. 285) be DENIED as futile.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this _19TH_ day of _April_____, 2005.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE